### In re BRENNAN.
### Patent Appeal No. 3050.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

Roy W. Johns, of Chicago, Ill. (Harry F. Riley, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Claims 9 and 11 of appellant's application for a patent were allowed by the United States Patent Office. The Examiner refused to allow, for lack of invention over the prior art, claims 13 to 17, inclusive. The Board of Appeals affirmed the action of the Examiner, and from the decision of the Board appellant has appealed to this court.

Claims 13 and 14 are illustrative, and read:

"13. In the meat packing art a conduit-shaped appliance adapted to facilitate the rapid application of fabricated tubular flexible wrappings successively to a series of oblong pieces of meat respectively as they are fed forward through said appliance in continuous succession, which appliance comprises a conduit part to receive and guide the meat therethrough, and disposed about said conduit part a wrapping supply magazine adapted to receive its charge thereon in endwise-compressed and shortened form, said magazine being positioned to feed the sleeve-like wrapping material progressively over the meat as the pieces are ejected serially from the conduit part.

"14. In the meat packing art, the systematic method of applying protective coverings to pieces of meat of oblong shape and substantially similar cross sectional area, which consists in compacting a long fabric tubular casing endwise into a relatively short compass, then feeding the meat pieces endwise one after another into the casing through the main body thereof and simultaneously stretching the successively remote end parts snugly over the surfaces of the corresponding meat pieces and finally separating the covered pieces by severing the connective sleeve portions."

The reference relied upon by the Board is Reisfeld, 1,292,645, January 28, 1919. The following references are also stated to be of record, and are regarded as pertinent to certain claims which were added for the purpose of appeal: Read, 1,218,312, March 6, 1917; Bates, 1,353,210, September 21, 1920; Colby, 1,611,268, December 21, 1926.

Appellant's disclosure relates to a method and means for wrapping food products, and particularly relates to wrapping meat cuts in preparation for freezing same or for delivery of same to retail shops. The apparatus shown consists of a magazine for storing a supply of tubular knitted fabric of which magazine an inner member forms a guideway for guiding cuts of meat such as loins into wrapping position at the outlet of the magazine. At the end of the inner member which forms the guideway for the cuts of meat is positioned a plurality of resilient fingers extending inwardly, which act to compress the meat as it emerges from the guideway. The end of the apparatus which receives the meat is enlarged so as to provide a kind of hopper. The meat is manually passed through the device, and the operator draws the advanced portion of the covering over the meat, stretching it as it is applied. When the cut of meat has been withdrawn from the resilient fingers, the portion of the covering immediately behind the cut being removed is severed, and the severed ends of the covering on the meat are then pressed inwardly against the ends of the meat.

The Reisfeld patent relates to a machine for the filling and linking of sausages. It is not a hand-operated machine. The Board of Appeals was of the opinion that the Examiner was correct in pointing out that the essential elements of appellant's apparatus as defined by the appealed claims were shown in Reisfeld; the difference being in the size of meat which may be used in the two different machines. The Board, relying upon Cochrane et al. v. Deener et al., 1877 C. D. 242, held that the mere difference in size of the pieces of meat pressed and packaged did not indicate invention either in the operation performed or in the means for performing the operation.

Claim 14 includes the act of severing the connected sleeve portion. The Board stated that this was an ordinary operation in the meat-packing art as disclosed in the patent to Bates.

Appellant's main contention here is that it is not obvious to modify the Reisfeld machine which was adapted to receiving sausage only and make it operate successfully in a manually operated device for wrapping pork loins and large cuts of meat.

It does not seem to us that the changes which appellant has made in the Reisfeld structure amount to invention. We concur in the views of the Board of Appeals, and its decision is affirmed.

Affirmed.